Kristin A. Zilberstein, Esq. (SBN: 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
Adam P. Thursby, Esq. (SBN 318465)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Attorney for Secured Creditor
U.S. Bank Trust National Association, as Trustee of the IGSC Series II Trust, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>CHARISSE B. TONIDO<br><br>    Debtor. | CASE NO.: 18-04727-LT13<br><br>CHAPTER 13<br><br>**OBJECTION TO CHAPTER 13 PLAN**<br><br>Date: November 7, 2018<br>Time: 3:00PM<br>Dept: 3<br><br>Judge: Laura S. Taylor |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

U.S. Bank Trust National Association, as Trustee of the IGSC Series II Trust, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtor") Charisse B. Tonido.

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 3/1/2020 and is secured by a Deed of Trust on the subject property commonly known as 2700 Bressi Ranch Way, Carlsbad, CA 92009. As of 8/7/2018, the amount in default was $285,008.84, as described in the Proof of Claim filed on 9/10/2018.

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

### A. IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS

Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is impermissible. The proposed Plan does not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor. The payoff period and monthly repayment amount proposed by the Debtor exceed a reasonable arrangement in light of Debtor's past non-payment history. Debtor alleges in the Plan that the arrears owed to Secured Creditor are in the amount of $225,000.00 while in fact the actual arrears owed are in the amount of $285,008.84. To cure the pre-petition arrearages of $285,008.84 over the term of the Plan within 60 months, Secured Creditor must receive a minimum payment of $4,750.15 per month from the Debtor through the Plan. Debtor's Plan provides for payments to the Trustee in the amount of $4,650.00 per month for 60 months. Debtor has not provided sufficient funds to cure the arrears over the term of the Plan within 60 months. Therefore, the Plan is not feasible.

## B. THE PLAN IS NOT FEASIBLE – DEBTOR DOES NOT HAVE SUFFICIENT INCOME

Pursuant to Schedules I and J, Debtor has net income of $4,654.65. Based on the petition, Debtor does not have sufficient net income for the proposed plan muchless increase the plan payments to cure the arrears owed to Secured Creditor. The net income is barely sufficient to cure the arrears owed to Secured Creditor. While Debtor has sufficient net income to increase the plan payment to cure the arrears owed to Secured Creditor, Debtor does not have sufficient net income for the remainder of the plan terms. Thus, Debtor does not have sufficient net income for a Chapter 13 Plan, and the case should be dismissed under these circumstances.

## CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied,
2. For attorneys' fees and costs herein, and
3. For such other relief as this Court deems proper.

Dated: October 5, 2018        LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Counsel for U.S. Bank Trust National Association, as Trustee of the IGSC Series II Trust, its successors and/or assignees